**Donte J. Garrett, Petitioner Below,**
**Petitioner**

**FILED**

**June 10, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-1133** (Kanawha County 12-MISC-98)

**Marvin Plumley, Warden, Huttonsville Correctional**
**Center, Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Donte J. Garrett, by counsel Jason D. Parmer, appeals the September 5, 2012 order of the Circuit Court of Kanawha County denying his petition for writ of habeas corpus. Respondent Plumley, by counsel Andrew Mendelson, has filed a response, to which petitioner has filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, petitioner was indicted on one count of first degree murder by a Kanawha County Grand Jury. In March of 2007, petitioner pled guilty to one count of first degree murder and, as part of a plea agreement, the State recommended mercy. After the plea hearing, petitioner moved to withdraw his plea, stating that "he wasn't happy with the plea being a first degree rather than a second degree." The circuit court denied petitioner's motion to withdraw the plea and thereafter sentenced him to life incarceration, with mercy. In May of 2009, petitioner filed a *pro se* petition for writ of habeas corpus in the circuit court. Without appointing counsel or holding an omnibus hearing, the circuit court summarily denied the petition. Petitioner appealed the denial to this Court, which refused the same by order entered on May 21, 2010. In February of 2012, petitioner filed a second *pro se* petition for writ of habeas corpus, after which the circuit court appointed counsel to represent petitioner. An amended petition for writ of habeas corpus was filed with the assistance of counsel. Thereafter, the circuit court denied the petition without holding an omnibus hearing.

On appeal, petitioner alleges that the circuit court erred in summarily denying his petition below. According to petitioner, the circuit court did not have an adequate record to make a determination on his claims of ineffective assistance of counsel without holding a hearing. Citing *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), petitioner argues that he is entitled to an omnibus hearing in which to seek collateral relief, especially for his claims of ineffective assistance of counsel. Additionally, petitioner provides a summation of testimony he contends

supports his claims that he would provide if allowed an omnibus hearing, including his assertions that counsel below informed him he would be incarcerated for only fifteen years if he accepted the plea agreement and failed to inform him of a possible diminished capacity defense. Further, petitioner argues that the circuit court failed to satisfy its statutory obligation to include specific findings of fact and conclusions of law in the order denying his petition that related to each of the contentions raised in his petition.

This Court has previously held that

[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus, especially in light of the following:

"A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, in part, *Marley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). As set forth by the circuit court, petitioner is unable to satisfy the burden necessary to prove ineffective assistance of counsel as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Having reviewed the circuit court's "Order Denying Petitioner's Petition For Writ Of Habeas Corpus" entered on September 5, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 5, 2012 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** June 10, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

12-1133

FILED

2012 SEP -5 PM 2:

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT C

STATE ex rel.
DONTE J. GARRETT,
     *Petitioner,*

v.

                                    Civil Action No. 12-MISC-98
                                    Judge Tod J. Kaufman

ADRIAN HOKE, Warden
Huttonsville Correctional Center,
     *Respondent.*

RECEIVED

SEP 07 2012

PUBLIC DEFENDER
OFFICE

## ORDER DENYING PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the Petitioner's Amended Petition for Writ of Habeas Corpus, which was filed on June 28, 2012 by counsel, Justin Collin, Esquire and Jason Parmer, Esquire. The Petitioner filed his Second Petition for Writ of Habeas Corpus on February 15, 2012. The Court has jurisdiction over Petitioner's Petition for Writ of Habeas Corpus because the Petitioner pled guilty to charges and was sentenced by the undersigned judge in Kanawha County.

On March 2, 2007, the Petitioner pled guilty to first degree murder in Case Number 05-F-471. On April 30, 2007, the Petitioner moved to withdraw his guilty plea prior to disposition. This Court denied the motion and sentenced the Petitioner to life in prison with the possibility of parole after fifteen (15) years.

On May 21, 2009, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in Case Number 09-MISC-184. The petition was dismissed by this Court on July 2, 2009. The Petitioner appealed that decision to the West Virginia Supreme Court of Appeals. The West Virginia Supreme Court of Appeals denied the Petitioner's Petition for Appeal by order dated May 21, 2010.

The Petitioner claims ineffective assistance of counsel in regards to attorneys Tom Price

and Tim Carrico. First, Petitioner alleges that he was never informed of Dr. Miller's evaluation diagnosing Garrett with intermittent explosive disorder. Additionally, he alleges that he was told that he could not testify if the case went to trial, he would get out of prison in fifteen years, he would be convicted without mercy if he proceeded with trial. Therefore, Petitioner claims that his plea was coerced.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). The two-pronged test is: (1) whether counsel's performance was deficient under an objective standard of reasonableness; and (2) whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Syl. Pt. 5, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995).

First, the evaluations and reports of both Dr. Clayman, finished on August 29, 2005, and Dr. Casdorph, finished on September 2, 2005, conclude that the Petitioner was not suffering from any mental disease or defect which would have prohibited his ability to modify his behavior in accordance to the requirements of the law. Additionally, Dr. Miller's report was available 8 months prior to when the plea offer was accepted.

Furthermore, in an evaluation to conclude if Petitioner was competent to accept the plea offer, Dr. Smith concluded that Petitioner understood the purpose of the plea and its consequences, and that Petitioner understood what would happen if he accepted or denied the offer.

As to the additional claims listed above, the record indicates that, throughout the proceeding, Judge Kaufman went to great lengths to make sure that Petitioner understood what he was doing and the rights he was giving up when he accepted his plea offer.

2

On March 2, 2007, the entirety of the record indicates that Petitioner had effective assistance of counsel, Petitioner was not promised any type of sentencing by his attorneys, and Petitioner knew of all rights he was waiving by pleading. The record for that day is extensive and reflects that Petitioner had many breaks, including a lunch break, to speak with his attorneys regarding any questions or concerns with the plea agreement.

Additionally, the record on April 30, 2007 reflects the Court's extraordinary measures to show that Petitioner knew his rights after defense counsel made a motion to withdraw the plea. The Court referenced the four different psychological reports the Court relied upon during the plea agreement colloquy.

After careful review of the Petitioner's writ, the State's answer, and the record, and for the reasons listed above, this Court finds that based upon the allegations in the Petitioner's writ there is no cause of action for which relief may be granted. Accordingly, this Court hereby DENIES the Petitioner's Petition for Writ of Habeas Corpus. This case is DISMISSED and STRICKEN from the docket of this Court.

The clerk of the court shall mail a copy of this Order to all counsel of record:

Tera Salango, Esquire
Assistant Prosecuting Attorney
301 Virginia Street, East
Charleston, WV 25301

Jason Parmer, Esquire
Justin Collin, Esquire
P.O. Box 2827
Charleston, WV 25330

Clerk, WVSCA
State Capitol, Room E-317
1900 Kanawha Blvd., East
Charleston, WV 25305

Enter this Order the 5th day of September, 2012.

Tod J. Kaufman, Circuit Court Judge for Kanawha County

3

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA